IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ROBERT L. GOULD, | ) | 8:13CV39 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| UNION PACIFIC RAILROAD, | ) | |
| CHARLES WEATHERBEE, JACK | ) | |
| HAMER, and TERRY TURNER, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Robert Gould ("Plaintiff") filed his Complaint in this matter on January 31, 2013. (Filing No. 1.) Plaintiff has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.      SUMMARY OF COMPLAINT

Plaintiff filed his Complaint against Union Pacific Railroad ("UP"), UP Senior Counsel Charles Weatherbee, UP Senior Claims Agent Jack Hamer, and UP Claims Agent Terry Turner. Liberally construed, Plaintiff alleges that Defendants engaged in race-based discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2 ("Title VII").

Plaintiff's allegations are difficult to decipher. As best as the court can tell, Plaintiff alleges that he suffered an injury while employed at UP. (Filing No. 1 at CM/ECF pp. 1-2.) Following his injury, he entered into a settlement agreement with UP. (*Id.*) He now believes that UP and its agents took advantage of him when drafting the terms of the settlement because he is an "uneducated black man." (*Id.* at CM/ECF p. 2.) Plaintiff alleges that he suffered "unfair discrimination" because other people with the same types of injuries received larger settlements. (*Id.* at CM/ECF p. 3.) Plaintiff believes he "received less" because he is black. (*Id.*) Plaintiff seeks monetary relief in

the amount of "100 Million Dollars." (*Id.* at CM/ECF p. 5.) Plaintiff does not allege when his injury occurred, when he entered into a settlement with UP, or whether he has exhausted his administrative remedies.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III. DISCUSSION OF CLAIMS

### A. Exhaustion of Administrative Remedies Required

Prior to filing a suit in federal court under Title VII, a plaintiff is required to exhaust his or her administrative remedies by first seeking relief through the Equal Employment Opportunity Commission ("EEOC") or the Nebraska Equal Opportunity Commission ("NEOC"). The EEOC/NEOC will then investigate the charge and

determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the EEOC/NEOC determines that there is no reasonable cause, the agency will then issue the charging party a right-to-sue notice. 42 U.S.C. § 2000e-5(b); *see also* Hanenburg v. Principal Mut. Life Ins. Co., 118 F.3d 570, 573 (8th Cir. 1997). The charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on his charge. 42 U.S.C. § 2000e-5(f)(1). The civil complaint may only encompass issues that are reasonably related to the substance of charges timely brought before the EEOC/NEOC. Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994).

Here, Plaintiff has not filed a copy of his EEOC/NEOC charge or his right-to-sue notice. Thus, the court cannot determine whether Plaintiff has exhausted his administrative remedies or whether Plaintiff's claim is timely. On the court's own motion, the court will permit Plaintiff 30 days in which to file a copy of his EEOC right-to-sue notice with the court.

**B.     Individual Defendants Not Employers Within Meaning of Title VII**

As alleged, Plaintiff cannot maintain his Title VII claims against Defendants Charles Weatherbee, Jack Hamer, or Terry Turner. Title VII prohibits *employers* from engaging in certain unlawful employment practices because of an individual's race, color, religion, sex, or national origin. In addition, Title VII makes it unlawful for an "*employer* to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3 (emphasis added). Title VII does not impose individual liability on coworkers or supervisors. Roark v. City of Hazen, 189 F.3d 758, 761 (8th Cir. 1999) (stating individual supervisors may not be held liable under Title VII); McCann v. New World Pasta Co., 2010 WL 3834650, *1 (E.D. Mo. Sept. 27, 2010) (holding Title VII and ADA claims were legally frivolous as to individual defendants because chief executive officers, supervisors, and co-employees cannot be held individually liable under Title VII or ADA).

3

Here, Plaintiff does not allege that Charles Weatherbee, Jack Hamer, and Terry Turner were his employers within the meaning of Title VII. Indeed, Plaintiff alleges that these individuals are UP claims agents and in-house legal counsel. For these reasons, the court will dismiss Plaintiff's claims against Charles Weatherbee, Jack Hamer, and Terry Turner.

IT IS THEREFORE ORDERED that:

1. Plaintiff's claims against Charles Weatherbee, Jack Hamer, and Terry Turner are dismissed without prejudice.

2. Plaintiff shall have 30 days to file a copy of his right-to-sue notice. If Plaintiff fails to do so, this matter will be dismissed without further notice.

3. The court reserves the right to conduct further review of Plaintiff's claims pursuant to 28 U.S.C. § 1915(e)(2) after Plaintiff addresses the matters set forth in this Memorandum and Order.

4. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: **July 22, 2013**: Check for amended complaint and right-to-sue notice.

DATED this 24th day of June, 2013.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.